Filed 6/13/14  Atashkar v. CA Horse Racing Bd. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| MORTEZA ATASHKAR, | C069875 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2011-00102154-CU-OE-GDS) |
| v. | |
| CALIFORNIA HORSE RACING BOARD, | |
| Defendant and Respondent. | |

The California Whistleblower Protection Act (Gov. Code, § 8547 *ff.*; hereafter Act)[1] provides that a state employee, who suffers an intentional act of reprisal, retaliation, or threat for the purpose of interfering with protected conduct, the employee's right to report waste, fraud, abuse of authority, or violation of law, may file a civil action for damages against the offending party, providing that the employee first files a complaint setting forth the alleged acts of retaliation with his or her supervisor and files a copy with

_____

[1]  A reference to a section is to the Government Code unless otherwise designated or apparent from the context.

1

the State Personnel Board (Board) within twelve months of the most recent act of retaliation. (§§ 8547.1, 8547.3, 8547.8.)

The plaintiff Morteza Atashkar, a former employee of the defendant California Horse Racing Board (CHRB), brought a civil action for damages in 2011 against the CHRB and designated Does, alleging retaliatory conduct by the Does in 2007 that caused him to retire. A demurrer to the complaint was sustained by the trial court without leave to amend on the ground that Atashkar, as a former employee, lacked standing to file a complaint with the Board and hence was barred from filing a damages action.

The parties tender two issues in dispute; first, whether, by amendment, the Act applies retroactively to a former employee, and, second, whether compliance with the Government Tort Claims Act is a predicate to a civil action for damages. We shall conclude that the first issue is irrelevant and the second unnecessary to decide.[2]

The reason is that the complaint with the Board was filed more than 12 months after the most recent acts of retaliation alleged in the complaint to his supervisor. This precludes his civil case whether or not the Act applies retroactively to former employees, and whether or not compliance with the Government Tort Claims Act is a predicate to a civil action for damages.

We shall affirm the judgment of the trial court.

FACTS

The complaint alleges in relevant part: The plaintiff was chief information officer of the CHRB. He retired as an employee of the CHRB on July 24, 2007. On June 18, 2008, he "filed a complaint with the California State Personnel Board (SPB) pursuant to Government Code section 8547.8." He does not state what the complaint contained.

---

[2] The court sustained the demurrer on the alternate ground that plaintiff failed to comply with the Government Tort Claims Act, a predicate to the filing of a tort claim for damages. (§§ 905.2, 911.2.) We have no occasion to consider this ground of demurrer.

Prior to that date plaintiff alleges that in February 2007 he reported improper activities "to the CHP (California Highway Patrol),"[3] including the misappropriation of taxpayer funds, the backdating of contracts in favor of friends of CHRB executives, and the illegal collection of funds. He claims that after this the "CHRB began a campaign of retaliation against" him.

Thereafter, on May 14, 2007, more than one year prior to the Board filing in June of 2008, the plaintiff alleges that he "writes harassment and hostile working environment complaint to CHRB board members requesting an investigation of Defendant Conduct." If we assume that this filing counts as compliance with the requirement in section 8547.8, subdivision (a), that a complainant first file a written complaint with his or her supervisor or manager, it establishes the last act of alleged retaliation as occurring before that date, consistent with the allegation that an act of alleged retaliation occurred on May 9, 2007. This act is more than twelve months prior to the filing of a complaint with the Board. Although the plaintiff alleges instances of retaliation after May 14, 2007, none of them was contained in a complaint to his supervisor.

The Board dismissed the complaint on the ground that plaintiff, as a former employee, lacked standing to file a complaint with the Board. The trial court sustained a demurrer to the complaint without leave to amend on the ground that plaintiff lacked standing to sue under section 8547.8 because he was not an employee at the time he filed the complaint with the Board, a predicate to the filing of a damages action under section 8547.8, subdivision (c), and the 2010 amendment to section 8547.2, subdivision (c) is not retroactive. It was also sustained on the ground that plaintiff failed to comply with the Government Tort Claims Act.

The plaintiff filed a timely appeal.

---

[3] The CHP is not a body listed in the Act as the proper recipient of a claim of retaliation.

DISCUSSION

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

The allegations of the complaint do not consistently track the provisions of the Act. Nonetheless, we have extracted sufficient allegations to permit a resolution of the plaintiff's claims.

The Act defines the proscribed acts of retaliation (§ 8547.3), provides for an investigation of such acts by the California State Auditor (§§ 8547.4, 8547.5), and further provides that an action for damages may be brought by a state employee or applicant for state employment against a person who intentionally engages in the proscribed acts (§ 8547.8.) providing that a complaint alleging the retaliatory conduct is filed with the Board within 12 months of the most recent act of reprisal and the Board has issued or failed to issue findings.

As a condition to the filing of a complaint with the Board, an employee must file a written complaint with his or her supervisor or manager alleging acts of retaliation for making a protected disclosure and must file a copy of the complaint to the supervisor with the board. (§ 8547.8, subd. (a).) The purpose of these procedures is to permit the

supervisor or manager of the complaining employee to take an appropriate personnel decision and the Board to investigate and make findings regarding the complaint. (§ 8547.8, subd. (d).)  A copy of this complaint must then be filed with the Board as a predicate to an action for damages.  "[A]ny action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the State Personnel Board . . . and the board has issued, or failed to issue, findings pursuant to Section 19683."[4]  (§ 8547.8, subd. (c).)

Section 8547.2 in relevant part defines an employee as an individual employed by a state agency.  Since section 8547.8, subdivision (a) requires that a whistleblower complaint first be filed with an employee's supervisor or manager, it is clear that "employee" refers to an individual who had a supervisor or manager and hence had employment status at the time the whistleblower complaint was filed.  A copy of the complaint filed with the supervisor is the complaint that must be filed with the Board. Section 8547.8 does not specify a time period between the filing of a complaint with the plaintiff's supervisor and the filing of a copy of the complaint with the Board, but subdivision (a) does require that "the complaint filed with the [B]oard, shall be filed within 12 months of the most recent act of reprisal complained about."  Since the act of reprisal must be alleged in the complaint with the supervisor, the act of reprisal must precede the complaint filed with the supervisor.  This provides the point from which the beginning of the 12-month period is measured.  The 12-month period thus acts as a statute of limitations.

The only allegation that a complaint complying with section 8547.8 might have been filed with the plaintiff's supervisor is the allegation that plaintiff filed a claim for "harassment" with the CHRB on May 14, 2007.  That date provides the outer limit for the

---

[4]  Section 19683 requires that the Board initiate a hearing or investigation of a written complaint for retaliation as prohibited by section 8547.3.

running of the 12-month period from the date of the "most recent act of reprisal." (§ 8547.8, subd. (a).) It also dooms the plaintiff's action for damages, since his filing of a complaint with the Board on June 18, 2008, occurred more than 12 months after the filing of an alleged complaint with his supervisor.

DISPOSITION

The judgment is affirmed.


                                    BLEASE              , Acting P. J.


We concur:


     HULL              , J.


     ROBIE            , J.